UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE HOOD, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4343** |
| **RAMONA MONIQUE SMITH, ET AL.** | **SECTION "B"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Willie Hood, III, a state pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He named as defendants Ramona Monique Smith, Deputy Mark J. Oster, the St. Tammany Parish Sheriff's Office, Sheriff Rodney J. Strain, Jr., "St. Tammany Parish Justice Center Division J," Judge Knight, District Attorney Walter Reed, and Michael Capdeboss.

A Spears hearing was held in this matter on January 5, 2011.[1] Based on the complaint and the testimony at the Spears hearing, the Court finds that plaintiff is making the following allegations in support of his claims.

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

On August 30, 2010, plaintiff was walking to work when he was stopped and frisked by Deputy Mark J. Oster.[2] While frisking plaintiff, Oster found a car title belonging to Ramona Monique Smith and a badge. Plaintiff said that he found the car title in the trash and planned to return it to Smith. He said that the badge belonged to his deceased uncle. Oster arrested plaintiff for simple burglary and possession of stolen things. Plaintiff complains that he has been in jail since his arrest and has never been arraigned or afforded a preliminary examination.

Plaintiff claims that Smith is falsely accusing him of burglary. He further claims that his public defender, Michael Capdeboss, refuses to represent him adequately and is engaged in a conspiracy with the prosecution. Plaintiff further claims that Judge Knight is biased, because he previously presided over a trial in which plaintiff's cousin was convicted of an unrelated crime.

As relief, plaintiff stated that he is seeking his freedom and monetary damages.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law further requires:

---

[2] In the complaint, indicated he was arrested on August 30, 2010. Rec. Doc. 1, p. 3. At the Spears hearing, plaintiff gave the date as October 30, 2010. However, that discrepancy is of no moment for the purposes of this decision.

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

3

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

## II. *Habeas Corpus* Relief

As a preliminary matter, the Court notes that one of the forms of relief plaintiff seeks is immediate release from confinement. That form of relief may not be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

Moreover, to the extent that the instant civil rights complaint may be construed in part as a *habeas corpus* petition, plaintiff is not entitled to relief. A state prisoner must first exhaust available state court remedies before seeking *habeas corpus* relief. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); Johnson v. Louisiana, Civ. Action No. 08-4274, 2009 WL 960564, at *2 n.2 (E.D. La. Apr. 7, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *2 n.3 (E.D. La. Jan. 25, 2008); Howard v. Vedros, Civil Action No. 94-0426, 1994 WL 117781 (E.D. La. Mar. 25,

4

1994).[4] Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). On January 5, 2011, a staff member of this Court confirmed with the Clerk of the Louisiana Supreme Court that plaintiff has filed no applications with that court regarding this matter. Therefore, plaintiff has not met the exhaustion requirement by giving that court a fair opportunity to pass upon his claims. Accordingly, he is not currently entitled to federal *habeas corpus* relief.[5]

Further, despite broadly construing plaintiff's complaint and Spears hearing testimony,[6] the Court also finds that plaintiff's 42 U.S.C. § 1983 claims against Ramona Monique Smith, the St. Tammany Parish Sheriff's Office, Sheriff Rodney J. Strain, Jr., "St. Tammany Parish Justice Center Division J," Judge Knight, District Attorney Walter Reed, and Michael Capdeboss should be dismissed as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief. Further, the claims against Deputy Mark J. Oster should be stayed.

---

[4] A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997).

[5] Of course, plaintiff is not precluded from filing a timely application for federal *habeas corpus* relief in the future once he has exhausted his state court remedies.

[6] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

### III.  § 1983 Claims

Plaintiff filed this lawsuit on a complaint form to be used by prisoners bringing civil actions pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

### A.  Ramona Monique Smith

Plaintiff has sued Romona Monique Smith, the alleged victim of the crimes of which plaintiff stands charged.  The § 1983 claim against Smith must be dismissed because she is not a state actor. "A private individual complainant in a criminal prosecution does not act under color of law." Pleasant v. Carraway, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (citing Grow v. Fisher, 523 F.2d 875, 879 (7th Cir. 1975)); see also Melton v. Dermota, No. 90-1530, 1991 WL 147490, at *7 (4th Cir. Aug. 6, 1991); Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988); Schwertz v. Millon, Civ. Action 09-6813, 2009 WL 4757381, at *2 (E.D. La. Dec. 4, 2009); Hoffman v. Ferguson, Civ. Action No. 09-5052, 2009 WL 1606736, at *3 (W.D. Ark. June 5, 2009); Serbalik v. Gray, 27 F.Supp.2d 127, 131-32 (N.D.N.Y. 1998); Rodgers v. Lincoln Towing Service, Inc., 596 F.Supp. 13, 21 (N.D. Ill. 1984), aff'd, 771 F.2d 194 (7th Cir. 1985).  Moreover, the fact that the police relied upon her complaint to charge plaintiff does not make her a state actor. See Pleasant, 1994 WL 261217, at *1 (citing Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.,

673 F.2d 771, 772 (5th Cir. 1982)); see also Melton, 1991 WL 147490, at *7; Daniel, 839 F.2d at 1130; Schwertz, 2009 WL 4757381, at *2.

## B. Deputy Mark J. Oster

Plaintiff has also named the arresting officer, Deputy Mark J. Oster, as a defendant. It appears that the claim against Oster is that he stopped plaintiff without probable cause, illegally searched him, and illegally seized the evidence on which the criminal charges are based.

If plaintiff had already been convicted on the criminal charges in this case, this Court would be barred from considering his claims by Heck v. Humphrey, 512 U.S. 477 (1994).[7] However,

---

[7] In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted). Heck bars a false arrest claim brought by a convicted prisoner until such time as he obtains a favorable disposition on the underlying criminal charges. See Wallace v. Kato, 549 U.S. 384, 394 (2007); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008). Heck likewise generally bars a related illegal search and seizure claim. See Johnson v. Bradford, 72 Fed. App'x 98, 99 (5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002); Jordan, 2009 WL 2900013, at *2 n.4.

7

plaintiff is currently awaiting trial on the charges, and the United States Supreme Court has held that Heck does not bar "an action which would impugn *an anticipated future conviction*...." Wallace v. Kato, 549 U.S. 384, 393 (2007) (emphasis in original). Nevertheless, the Supreme Court made clear that does not mean that federal courts should forge ahead with cases in which similar considerations exist. Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-94 (citations omitted). Therefore, under that reasoning, plaintiff's claims against Oster should be stayed until such time as his state criminal proceedings are concluded.

### C. The St. Tammany Parish Sheriff's Office

Plaintiff has also named the St. Tammany Parish Sheriff's Office as a defendant; however, that is clearly improper. "[A] sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Campbell v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-3143, 2009 WL 1107251, at *1 (E.D. La. Apr. 23, 2009); Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D. La. 1988).

### D. Sheriff Rodney J. Strain, Jr.

Plaintiff also named Sheriff Rodney J. Strain, Jr., himself as a defendant. At the Spears hearing, plaintiff explained that he sued Strain simply because he is Deputy Oster's superior officer. However, that is not a proper basis for a claim against Strain, because a supervisor may not be held liable pursuant to § 1983 under any theory of strict liability[8] or vicarious liability[9] for federal civil rights violations allegedly committed by his subordinates.

### E. "St. Tammany Parish Justice Center Division J"

Plaintiff listed "St. Tammany Parish Justice Center Division J" as a defendant; however, at the Spears hearing he stated that he meant to sue Division J of the Twenty-Second Judicial District Court, the division in which Judge William J. Knight presides. However, that state court is an improper defendant for two reasons.

First, a state court is not a "person" or a juridical entity capable of being sued under § 1983. Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("[S]tate courts are not considered 'persons' within the meaning of § 1983."), aff'd, 537 F.2d 1141 (5th Cir. 1976); Thompson v. St. Bernard Parish Court, Civ. Action No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); Stewart v. Criminal District Court of Louisiana, Civ. Action No. 08-3731, 2008 WL

---

[8] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[9] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

9

4758610, at *2 (E.D. La. Oct. 30, 2008); Knight v. Guste, Civ. Action No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007).

Second, the Eleventh Amendment also bars § 1983 claims against a state court. Jefferson v. Louisiana State Supreme Court, No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002); Southern Christian Leadership Conference v. Supreme Court of State of Louisiana, 252 F.3d 781, 782 n.2 (5th Cir. 2001); Landers Seed Co., Inc. v. Champaign National Bank, 15 F.3d 729, 731-32 (7th Cir. 1994); Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993); Wilkerson v. 17th Judicial District Court, Civ. Action No. 08-1196, 2009 WL 249737, at *3-4 (E.D. La. Jan. 30, 2009); Rackley v. Louisiana, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007).[10]

### F. Judge Knight

Plaintiff has also named Judge Knight himself as a defendant. That, too, is improper.

---

[10] Pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI. Therefore, unless the state waives its immunity, the state's citizens are barred from filing suit against the state in federal court. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). It is clear that the State of Louisiana has not waived its constitutional immunity. The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted).

10

To the extent that plaintiff is suing Judge Knight in his *official capacity*, that claim likewise fails for two reasons.

First, Judge Knight is a state official, and a state official in his official capacity is not a "person" amenable to suit for damages under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Boyd v. Lasher, Civ. Action No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009).

Second, a judgment against Judge Knight in his official capacity would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1. Because an official-capacity claim against him is therefore in reality a claim against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

To the extent that Judge Knight is being sued in his *individual capacity* for *monetary damages*, he is protected by absolute judicial immunity. It has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of

11

authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."). The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, judicial immunity is clearly applicable in federal civil rights cases. Stump v. Steward, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

The Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12 (citations omitted). Neither of those exceptions applies in this case.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

12

Stump, 435 U.S. at 362. The act at issue here, presiding over plaintiff's state criminal proceedings, obviously involves a function normally performed by a judge. Further, plaintiff is clearly dealing with the Judge Knight in his judicial capacity.

Regarding the second exception, there is no question that Judge Knight has jurisdiction over plaintiff's criminal proceedings in the Louisiana Twenty-Second Judicial District Court.

Accordingly, for the foregoing reasons, an individual-capacity claim against Judge Knight for monetary damages is barred by his absolute judicial immunity.

Lastly, to the extent that plaintiff is seeking *injunctive relief* against Judge Knight, that relief is likewise unavailable. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *3 (E.D. La. Feb. 12, 2009); Wilkerson v. Lanier, Civ. Action No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27, 2006); see also Guerin v. Higgins, 8 Fed. App'x 31, 32 (2nd Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F.Supp.2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000).

Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct criminal proceedings. The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' Younger v. Harris, 401 U.S. 37, 43-44, 91

13

> S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." Id., at 46, 91 S.Ct., at 751.

O'Shea v. Littleton, 414 U.S. 488, 499 (1974). In Younger, the United States Supreme Court had expressly held:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 46 (citation omitted). A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal *habeas corpus* relief in appropriate circumstances. See O'Shea, 414 U.S. at 502.

### G. District Attorney Walter Reed

Plaintiff has also named District Attorney Walter Reed as a defendant; however, at a Spears hearing, plaintiff stated that he meant to name the unidentified assistant district attorney assigned to his case rather than Reed himself. However, even if plaintiff had identified and named the assistant district attorney, his claim would be subject to dismissal for the following reasons.

Plaintiff clearly has not stated a cognizable claim against either Reed or the unnamed assistant district attorney in their *official capacities*. The United States Fifth Circuit Court of Appeals has noted:

14

>  For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

>  In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). In the instant case, plaintiff does not even allege that the purported violations here stemmed from an official policy or custom, much less identify such a policy or custom.

As to a claim against either Reed or the unnamed assistant district attorney in their *individual capacities*, any such claim is barred by absolute prosecutorial immunity. Prosecutorial immunity protects prosecutors against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a

15

prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

### H. Michael Capdeboss

Lastly, plaintiff has also sued his public defender, Michael Capdeboss. However, for the claim against Capdeboss to be cognizable pursuant to § 1983, he must have acted under color of state law. Therefore, plaintiff's claim plainly fails, because it is clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).[11]

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

It **FURTHER RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 claims against Ramona Monique Smith, the St. Tammany Parish Sheriff's Office, Sheriff Rodney J. Strain, Jr., "St. Tammany Parish Justice Center Division J," Judge Knight, District Attorney Walter Reed, and Michael Capdeboss be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim

---

[11] The Court recognizes that claims against an attorney for engaging in a conspiracy with a state actor are cognizable in a § 1983 action. Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); Brown v. Blaize, Civ. Action No. 08-3730, 2008 WL 3876573, at *2 n.2 (E.D. La. Aug. 20, 2008). Although plaintiff does allege the existence of a widespread conspiracy in this case, his allegations on that point are wholly conclusory. Conclusory allegations of conspiracy fail to state a § 1983 cause of action. Small v. Dallas County, Texas, 170 Fed. App'x 943 (5th Cir. 2006); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); Brown, 2008 WL 3876573, at *2 n.2.

on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It **FURTHER RECOMMENDED** that plaintiff's claims against Deputy Mark J. Oster be **STAYED** and that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction and that the case be restored to the trial docket upon plaintiff's motion once his state criminal proceedings are concluded, so that the claims against Deputy Mark J. Oster may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this eleventh day of January, 2011.

                                               **SALLY SHUSHAN**
                                               **UNITED STATES MAGISTRATE JUDGE**

---

[12] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.